MEMORANDUM OPINION




No. 04-02-00563-CV



Michael KENNEDY,


Appellant



v.



Patricia BRYSCH and Kathy Semlinger, In their Individual and Official Capacities,


Appellees



From the 218th Judicial District Court, Karnes County, Texas


Trial Court No. 04-00076-CVK


Honorable Ron Carr, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 9, 2003


AFFIRMED IN PART; REVERSED AND REMANDED IN PART

 Michael Kennedy sued Patricia Brysch and the Honorable Kathy Semlinger in district court
alleging that Brysch, the clerk, and Semlinger, the presiding judge, denied him access to the courts
in violation of the United States and Texas Constitutions. Brysch had refused to forward Kennedy's
notice of appeal of a judgment in another case to the appellate court. The trial court granted
Brysch's and Semlinger's motions for summary judgment and denied Kennedy's. Kennedy appeals.
We affirm in part and reverse and remand in part.

 1. A judge enjoys absolute immunity from suit for judicial acts performed within her
jurisdiction. See Mireles v. Waco, 502 U.S. 9, 12 (1991). Therefore, we hold the trial court properly
granted Semlinger's motion for summary judgment and denied Kennedy's. 

 2. Brysch moved for summary judgment on the ground that Kennedy's affidavit of
indigence did not comply with Texas Rule of Appellate Procedure 20.1; and his notice of appeal did
not include a certified trust account statement as required by section 14.006(f) of the Texas Civil
Practice and Remedies Code. However, Kennedy's affidavit of indigence complies with Rule
20.1(c); and nothing in section 14.006(f) purports to require an inmate to file a certified trust
account statement with his notice of appeal. See Tex. Civ. Prac. & Rem. Code § 14.006(f) (Vernon
2002). Because Brysch did not establish her right to summary judgment as a matter of law, we hold
the trial court erred in granting her motion. It does not follow that the trial court erred in denying
Kennedy's motion.

 Contrary to the premise underlying Kennedy's suit and his motion for summary judgment,
his appeal was perfected - and this court acquired jurisdiction over his appeal - when he timely filed
his notice of appeal in the trial court. See Tex. R. App. P. 25.1(a)-(b). Thus, the Texas Rules of
Appellate Procedure require the clerk to file a copy of a notice of appeal in the appellate court only
as a part of the clerk's record in a civil case. See and compare Tex. R. App. P. 34.5 (clerk's record
in civil case must include notice of appeal) with Tex. R. App. P. 25.2(c) (in criminal cases, "the
clerk must [] immediately send one copy [of the notice of appeal] to the clerk of the appropriate
court of appeals"). Brysch's failure to forward a copy of the notice (separate and apart from the
clerk's record) to the appellate court did not impair Kennedy's right of access to the courts. (1)
Therefore, the trial court correctly denied Kennedy's motion for summary judgment.

 We affirm the trial court's judgment in favor of Semlinger, reverse the judgment in favor
of Brysch, and remand the cause to the trial court for further proceedings consistent with this
opinion.


 Sarah B. Duncan, Justice

Publish
1. Although Kennedy perfected his appeal by filing his notice of appeal in the trial court, he did not file a copy of
the notice or a docketing statement in this court. This court was therefore unaware of Kennedy's appeal.